IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE VENEZIA | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4713 |
| | : | |
| WILLIAM PENN SCHOOL DISTRICT | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                    **December 15, 2006**

The William Penn School District asks this Court to dismiss Suzanne Venezia's challenge

to her firing after she called a student and his friend "heathens" and said, "[c]olored . . . once a

colored always a colored."  Because Venezia has failed to state a claim for municipal liability and

because Venezia has received due process, I will dismiss her Complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6).

**FACTS**[1]

Venezia was a temporary teacher[2] of Family and Consumer Sciences at Penn Wood West

---

[1]I accept all allegations in, and reasonable inferences from, the Complaint as true and view them in the light most favorable to Venezia. *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989). Venezia included 27 exhibits with her Complaint.  The School District includes at least as many in its Motion to Dismiss; for that reason, I treat the Motion as one brought under Rule 56.  Venezia received the reasonable opportunity to produce pertinent material demanded by Rule 12(b) in her response and during oral argument on the Motion.

[2]Under the Pennsylvania School Code:
> The term "temporary professional employe" shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal.

24 P.S. § 11-1101(3).  A temporary professional employee differs from a professional employee only in the matter of tenure.  *Pottsville Area School Dist. v. Marteslo*, 423 A.2d 1336, 1338 (Pa. Commw. 1981).

1

Junior High School in Darby, Pennsylvania.  On February 13, 2006, Venezia encountered two students in a hallway, calling them "heathens" and saying to one, "[c]olored . . . . Once a colored always a colored." Com. Ex. 1.  The visibly-shaken student complained to a staff person who then spoke to the principal.  The student and the principal returned to the hallway outside Venezia's classroom where they discussed the incident with Venezia who admitted making the statement, but said it referred to the student's sneakers.  That afternoon, Venezia met again with the principal and some unidentified parents.  At this meeting, Venezia denied the incident occurred even though the principal gave her a written summary of the earlier meeting with the student.  When reference was made to an incident at another time, Venezia suggested the parents had confused her with another teacher.

The next day Venezia was suspended with pay and ordered to leave the campus.  Venezia refused to leave her classroom until she received a written order to leave.  The written directive to leave did not recite the reasons for Venezia's suspension.  In response to Venezia's later demand for reasons, the School District's superintendent wrote Venezia on February 20, 2006:

This action is being taken based on the following allegations related to your performance:

1. Cruelty
   a.  Intimidating Students
       i.  Bumping a student and threaten to file charges of assault
   b.  Use of Inappropriate Racial Comments
       i.  "Colored," "Once a colored always a colored"
       ii.  "Get your black a— "in class"

2. Persistent Negligence in Performance of Duties
   a.  Repeated lateness – two or more memos
   b.  Failure to follow school district procedures regarding teacher absences
   c.  Refusal to comply with superior's directives – refusing to follow

2

directives by the principal and assistant superintendent.
The alleged conduct as described above may constitute sufficient cause for
disciplinary action.  As such, you are hereby requested to attend an administrative
hearing to present a response and any other information you feel may be important.

Your administrative hearing is scheduled for:
- **Tuesday, February 28, 2006 at 10 a.m. in the Office of the Superintendent**
You are entitled to have union representation at the meeting.  You are asked to
provide a written response to the allegations prior to attending the administrative
hearing.[3]

Com. Ex. 4.

Venezia, the School District superintendent, the principal, and a union representative

attended the administrative hearing.  During the hearing, Venezia denied saying "colored,"

suggesting she had commented on the "color" of the student's sneakers. Com. Ex. 9.  Venezia also

denied she was the teacher who told the same student and others a year earlier "to sit their black

asses down."  *Id.*  The principal reported a student's parent stated Venezia had telephoned him to

apologize for the comment.  The principal also reported another student complained on the day of

Venezia's suspension she bumped the student and then threatened the student with legal action.  The

principal stated there had been other incidents between the bumped student and Venezia, including

a remark by Venezia that "black people eat a lot of sugar."  *Id.*  Also discussed at the administrative

hearing were occasions on which Venezia was sufficiently late for the school day that other teachers

and the principal had to cover her classroom.  After the hearing, Venezia remained suspended with

pay.

Ten days after the administrative hearing, the superintendent notified Venezia he would

recommend the school board consider dismissing her at its March 27, 2006 meeting.  The letter

---

[3] If Venezia submitted a written response to the allegations, neither side has included them.

itemized five grounds for terminating Venezia[4] and stated she had the right to a hearing before her termination.[5]  Com. Ex. 6.  The letter also stated Venezia would waive the right to a hearing if she did not request one on the form provided.  Venezia was then suspended without pay.  Venezia did not request a hearing and the school board fired her on March 27, 2006.

Venezia filed suit in Montgomery County Court of Common Pleas, alleging her firing violated her rights to due process, her property rights to her job, and her liberty interests to her good name.  A remedy to a denial of due process is found at 42 U.S.C. § 1983.[6]  The School District removed the case to this Court and filed a Motion to Dismiss under Rule 12(b)(6).

**DISCUSSION**

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint.  *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987).  This Court may grant a motion to dismiss only where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004) (quoting *Conley v. Gibson*,

---

[4]Included in the grounds were the bumping incident, the "colored" and "black ass" incidents, 10 itemized times of lateness, six itemized failures to adhere to policy on teacher absences and three occasions on which Venezia failed to comply with directives from district superiors.

[5]The hearing notice included the right to be represented by an attorney, the right to hear and to cross-examine witnesses against her, the right to present her own witnesses, the right to testify or remain silent, and the right to a copy of the stenographic record of the hearing.

[6]**§ 1983. Civil action for deprivation of rights**
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

4

355 U.S. 41, 45-6 (1957)).  To decide a motion to dismiss, this Court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  *D.P. Enters. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984).

Even though the retention or dismissal of temporary professional employees on performance grounds is governed by Section 11-1108 of the School Code,[7] a Pennsylvania school district may terminate the contract of a professional employee when it finds "immorality; incompetency; . . . intemperance; cruelty; persistent negligence in the performance of duties; [or] willful neglect of duties . . . ." 24 P.S. § 11-1122.[8]  The School Code provides an appeal process through the Secretary of Education and the courts for tenured employees.  24 P.S. § 1132.  Appeals by temporary employees are governed by Pennsylvania's Local Agency Law.  2 Pa. C.S. § 751 *et seq.*  Under the

---

[7]Section 11-1108. Temporary professional employes
> (a) It shall be the duty of the district superintendent to notify each temporary professional employe, at least twice each year during the period of his or her employment, of the professional quality, professional progress, and rating of his or her services. No temporary professional employe shall be dismissed unless rated unsatisfactory, and notification, in writing, of such unsatisfactory rating shall have been furnished the employe within ten (10) days following the date of such rating. The rating of a temporary professional employe shall be done as provided in section one thousand one hundred twenty-three of this act.

24 P.S. § 11-1108

[8] Section 11-1122 provides:
> (a) The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality; incompetency; unsatisfactory teaching performance based on two (2) consecutive ratings of the employe's teaching performance that are to include classroom observations, not less than four (4) months apart, in which the employe's teaching performance is rated as unsatisfactory; intemperance; cruelty; persistent negligence in the performance of duties; wilful neglect of duties . . . .

24 P.S. § 11-1122.

Local Agency Law, this Court's review of the school board's decision is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether the necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 754(b); *Bolden v. Chartiers Valley Sch. Dist.*, 869 A.2d 1134, 1137 (Pa. Commw. 2005).

Venezia, as a public employee, has a constitutionally protected property right to continued employment. *Morton v. Beyer*, 822 F.2d 364, 368 (3d Cir. 1987); *see also Andresky v. West Allegheny Sch. Dist.*, 437 A.2d 1075, 1077 (Pa. Commw. 1981). The constitutional protection extends only to the right of due process before dismissal. While Venezia may have a property interest in continued employment, that interest is protected if her removal is effected by due process.

To recover from a municipality under Section 1983, Venezia must: (1) identify a policy or custom that deprived her of a federally protected right, (2) demonstrate the School District, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

The School District, the only defendant in this case, argues it is not liable under Section 1983 because Venezia was not deprived of any right by a School District policy or custom. as required by *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). For purposes of *Monell*, a school district is a municipality. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 710 (1989). A municipal policy, for purposes of section 1983, is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a government] body's officers." *Monell*, 436 U.S. at 690; *see also Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000).

Venezia first alleges the School District's termination procedures fell below the requirements

6

of the Due Process Clause of the 14th Amendment to the U.S. Constitution. "[T]he root requirement" of the Due Process Clause is "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (requiring more than notice and an opportunity to respond "would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.").

The pretermination hearing, "though necessary, need not be elaborate." *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971). In general, "something less" than a full evidentiary hearing is sufficient prior to adverse administrative action." *Loudermill*, 470 U.S. at 545. The essential requirements of due process are notice and an opportunity to respond. *Loudermill*, 470 U.S. at 546; *see also McDaniels v. Flick*, 59 F.3d 446, 456 (3d Cir. 1995). Venezia also cites the Pennsylvania School Code for the proposition a hearing is required. The School Code[9] provides a school board may remove any employee "for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct." 24 P.S. §5-514.[10] The school board is only required to provide "due notice, giving the reasons therefor, and . . . [a] hearing if demanded." *Id.*

Venezia received both due notice with itemized reasons and an administrative hearing before her suspension. She declined an opportunity for a second hearing before the school board. Venezia

---

[9]Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. §1-101 *et seq*.

[10]Section 5-514. Removal of officers, employes, etc.
      The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.
24 P.S. § 5-514.

said she did not attend the school board meeting because she believed there were no grounds for dismissal. Venezia admits she waived her right to a hearing but avers "it was in her best interests to do so." Tr. Oral Arg. Nov. 29, 2006. She believed attending a school board hearing would "prejudice any appeal." *Id.* Venezia could have and should have litigated all her claims in the administrative proceedings. *Jackson v. Centennial Sch. Dist.*, 501 A.2d 218, 221 (Pa. 1985) (considering the dismissal of a tenured professional).

Venezia alleges she did not receive verbal or written notice of her violations of the School Code or acts of cruelty and maintains the order to leave the school on February 14, 2006, came without warning. Venezia discounts clear evidence in the record of two discussions on February 13, 2006 which should have given her ample warning of the order to leave the premises on February 14. Venezia also argues she was entitled to a hearing before her suspension on February 14, 2006, because there was no immediate danger.[11]   Venezia misunderstands the harm her comments and actions caused.

Venezia also sees a violation of her rights to due process in the failure of the School District to give her a written enumeration of the charges against her before she asked for it. Venezia was suspended with pay, until she received the letter from the superintendent itemizing the charges he would present to the school board. While she was paid, Venezia suffered no injury. The decision to dismiss her came after she received due notice and an opportunity to be heard.

---

[11]On February 14, 2006, Venezia was suspended with pay. By continuing to pay Venezia, the school district avoided any due process questions at that point. In *Cleveland Bd. of Educ. v. Loudermill*, the Supreme Court reasoned employers could avoid due process concerns in cases in which immediate suspension of an employee is necessary by placing that employee on paid, rather than unpaid, leave. 470 U.S. 532, 545-46 (1985); *see also Edwards v. Cal. Univ. of Penn.*, 156 F.3d 488, 492 (3d Cir. 1998) (placing tenured professor on paid leave did not implicate due process concerns).

Venezia also questions the procedures leading up to the administrative hearing. She argues the issues of poor performance raised at the administrative hearing are not grounds for discharge and that she was never notified of the incidents of tardiness and absence which formed part of the record on discharge. According to her exhibits, Venezia was sent memos on tardiness and absences. Under the School Code, the school district has authority to dismiss an employee for "neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct." 24 P.S. § 5-514.

Venezia argues the School District violated her contract when it failed to inform the teachers' union of her administrative hearing. The letter informing Venezia of the hearing was also copied to the union representative, providing adequate notice to the union, and a union member represented Venezia at the administrative hearing. Venezia believes she should not have been terminated because she answered all the questions asked during the hearing and believes she clarified any misinterpretation. Venezia's right to be heard does not require she be believed.

Venezia argues she is entitled to a name-clearing hearing. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 634 (1980). To establish entitlement to a "name-clearing hearing," the aggrieved employee must show: (1) the public employer's reasons for the discharge stigmatized the employee by seriously damaging his standing and association in the community or by foreclosing employment opportunities that may otherwise have been available;( 2) the public employer made the reason or reasons public;[12] and,( 3) the employee denied the charges that led to the employee's firing. *Gibson*

---

[12] Placing an adverse action in an employee's personnel file only constitutes publication when the governing state law classifies an employee's personnel file as a public record. *Cox v. Roskelley,* 359 F.3d 1105, 1112 (9th Cir. 2004). In Pennsylvania, personnel files are not subject to disclosure under Pennsylvania's Right to Know Act, 65 P.S. §§ 66.1-66.4, Act of June 21, 1957, P.L. 390, *as amended*; *Bangor Area Educ. Ass'n v. Angle,* 720 A.2d 198, 202 (Pa. Commw. 1998).

9

*v. Caruthersville Sch. Dist. No. 8*, 336 F.3d 768, 773 (8th Cir. 2003). Stigma involves "dishonesty, immorality, criminality, racism, or the like." *Waddell v. Forney,* 108 F.3d 889, 895 (8th Cir. 1997). When a discharged employee had an opportunity to explain the allegations in a meeting with her supervisor and with the governing board, she received "more than [was] constitutionally required." *Coleman v. Reed*, 147 F.3d 751, 755 (8th Cir. 1998). Venezia waived her right to a name clearing hearing when she declined an opportunity to be heard by the school board.

Venezia reiterates her claim to a property interest in her contract both for employment for the school year and for reimbursement for graduate courses and a food processor she purchased for her classroom. Venezia's failure to grieve the two reimbursements within 12 days as required under the Collective Bargaining Agreement results in a waiver of the claims. Collective Bargaining Agreement Section 3. Venezia also believes the school board cannot terminate her without the annual performance evaluation provided in the contract. Only if the district fires her for unsatisfactory teaching performance is an evaluation required. The School District fired Venezia for cruelty and negligence of duties. 24 P.S. §§ 11-1108 and 11-1122.

A liberal reading of Venezia's Complaint does not support a finding that the School District's deprived her of any right under its policies, as defined by *Monell*. She had notice and an opportunity to respond. *Loudermill*, 470 U.S. at 546. Venezia has pointed to no School District policy violating her civil rights. Therefore, the School District cannot be liable for any injury Venezia alleges she suffered.

An appropriate order follows.