IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
NO. 2006-24694

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
NO. 2:06-cv-4713

SUZANNE VENEZIA
318 WEST WALNUT STREET
NORTH WALES PENNSYLVANIA 19454
V.
WILLIAM PENN SCHOOL DISTRICT
100 GREEN AVENUE
LANSDOWNE, PA 19050

## STATEMENT OF INTENT TO PROCEED

The objective of this Statement is to notify the assigned Judge of the Court of Common Pleas of Montgomery County – Judge Branca, as per the request of this Court, that this matter needs to be continued for the reasons set forth here-below:

1. Neither the Court of Common Pleas of Montgomery County nor the United States District Court for the Eastern District of Pennsylvania issued a Removal Order or responded in any formal way to the Plaintiff's opposition to Removal. Due to this lack of clarity and ambiguity as to the "official" venue of this case, the Plaintiff continued to file case documents in both Courts. The Defendant was aware of this fact, since the Plaintiff served the Defendant with the filings for both venues. (This point is presented fully in the Plaintiff's Statement of Intent to Proceed filed in both Courts on August 5, 2009.)

2. Subsequent to the issue of the Order by Judge Sanchez of the United States District Court which dismissed the case with prejudice, the Plaintiff received additional filings from the Court of Common Pleas of Montgomery County. That this Court continued to issue documents attests to the fact that there indeed existed an ambiguity as to true "venue" not only for the Plaintiff, but also for the Court of Common Pleas. (This point is also presented fully in the Plaintiff's Statement of Intent to Proceed filed in both Courts on August 5, 2009.)

3. In 2009, since the Plaintiff was invited by the Court of Common Pleas of Montgomery County to inform the same if she intended to proceed, the Plaintiff took advantage of this opportunity and responded in the affirmative. In her two filings - Statement of Intent to Proceed and Petition for Response to Statement of Intent to Proceed - the Plaintiff clearly and candidly asked both Courts to bring clarity to a series of errors committed throughout the course of the case. In these filings of 2009, while the Plaintiff indicated her consternation about the Dismissal Order issued by Judge Sanchez, she clearly deferred judgment to the Courts.

At this time, however, since the Courts have not been able to issue any orders concerning the relevance of the errors committed in this case and to define the importance and weight of such errors, the Plaintiff calls into question the prior actions of the Courts. The recent invitation to the Parties by the Court of Common Pleas to present Oral Argument confirms the complexities involved in this case. Prior to this invitation, the last order issued by the Court of Common Pleas of Montgomery County was the Order (to strike without prejudice) the Plaintiff's Motion to Amend the Complaint. (The explanation given was an error in service.) This Order was issued on January 26, 2007 – more than one month after the issue of the Order to Dismiss with Prejudice by Judge Sanchez. For these reasons and at this time, the Plaintiff is within her right to ask not only that the judgment of Judge Sanchez be vacated, but also that a judgment be issued in her favor as to the counts of her original complaint – based on the documentation already in the possession of both Courts. Given the confusion in this case within the two Courts and the inability of the Courts to clarify the same, the strict legal definitions of "clerical errors, "judicial errors" and "with prejudice" fail to correctly identify the specific characteristics of this case, and thus fail to provide any "a priori" explanation as to why this case should not proceed. In the same manner, time limits – for the presentation of an appeal or for the presentation of a motion to vacate judgment – also fail to provide sufficient grounds as to why this case should not move forward.

1

documentation she presented to the Courts, the Plaintiff identified the differences in her specific case between "at will" dismissal and "for cause" dismissal. The Plaintiff was a temporary employee in that she had not received tenure in the School District, but she had been hired according to the collective bargaining agreement in force at that time. As per her employment contract and Pennsylvania teaching legislation, her employment was to be renewed year after year (a tenure track contract) provided that she received satisfactory Performance Evaluations. During her first year in the School District (2004-2005), the Plaintiff was issued Performance Evaluations with excellent ratings. However, in violation of her contract and of Pennsylvania Education Codes, no Performance Evaluations were issued to the Plaintiff during the 2005-2006 school year. (She was suspended in February and terminated in March 2006 – well into the second semester of the school year.)

11. The Plaintiff directs the Defendant's attention to its serious liability in the Plaintiff's unlawful termination in that no employer is protected by any law in the United States when that employer fires an employee for serious allegations (which undermine the professional credibility and employability of the employee) without supporting the allegations by facts and by the administration of due process. In this particular case, the Defendant did not support its allegations by facts and flagrantly denied the Plaintiff access to due process. Moreover, since the Plaintiff is a teacher in the state of Pennsylvania, her termination for cause not only ended her employment and greatly compromised her professional credibility, but imposed upon her an actual sanction from the Pennsylvania Department of Education in that her two years of teaching in the William Pnn School District were credited against the years of satisfactory service required for Permanent (Level II) Teaching Certification in Pennsylvania.

12. In addition to this brief summary, the Courts are in possession of the Plaintiff's detailed complaint and Court responses which address not only the Plaintiff's unlawful termination, but also the Defendant's capricious actions and willful negligence.

13. Judge Sanchez not only issued an Order to Dismiss With Prejudice, but also wrote an extensive Memorandum to this Order. When the name "Suzanne Venezia" (the Plaintiff's full name) is searched on the GOOGLE search engine, the very first entry found is the Opinion by Judge Sanchez (www.paed.uscourts.gov/.documents/opinions/06D1515P.pdf). While the Plaintiff welcomes transparency in the exposition of the details of her case, given the facts presented in this Statement and the overwelming evidence which supports her position, the Plaintiff welcomes the opportunity to correct the records and restore her professional credibility. Judge Sanchez did not possess evidence to dismiss the Plaintiff's case; on the contrary, he possessed evidence to pursue the prosecution of the Defendant and did not do so.

14. To this effect and to underline the importance of having this case heard and the Plaintiff's position affirmed, the Plaintiff cites Luna v. Dobson, 2001 N.Y. Int. 0137 (Dec. 13, 2001) which confirms that:

    "the purpose of res judicata "must inform the decision to foreclose future litigation" (Ellis, supra, 197 Conn, at 433). A "decision whether to apply "res judicata" to claims that have not actually been litigated should be based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close; and the competing interest of the plaintiff in the vindication of a just claim" (Isaac, 253 Conn, at 422, supra [citation omitted])"

    In this same case, the Court concluded that:

    "…combined with the Attorney General's mishandling of the case and the dismissal on technical grounds, outweigh the finality concerns of res judicata… Luna and her child deserve their day in court."

By: *Suzanne Venezia*  
SUZANNE VENEZIA (pro se)  
318 WEST WALNUT STREET  
NORTH WALES, PA 19454

Date: November 22, 2009

3

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
NO. 2006-24694

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
NO. 2:06-cv-4713

SUZANNE VENEZIA
318 WEST WALNUT STREET
NORTH WALES, PENNSYLVANIA 19454

V.

WILLIAM PENN SCHOOL DISTRICT
100 GREEN AVENUE
LANSDOWNE, PENNSYLVANIA 19050

## VERIFICATION

I, Suzanne Venezia, the Plaintiff (pro se) in the captioned case, verify that the declarations made in this Statement are true and correct to the best of my knowledge, and belief. I understand that false statements made herein are subject to the penalties of 18 PA. C.S, Subsection 4904, relating to unsworn falsification to authorities.

By: Suzanne Venezia
SUZANNE VENEZIA (pro se)
318 WEST WALNUT STREET
NORTH WALES, PA 19454

Date: November 22, 2009

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
NO. 2006-24694

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
NO. 2:06-cv-4713


SUZANNE VENEZIA
318 WEST WALNUT STREET
NORTH WALES, PENNSYLVANIA 19454

V.

WILLIAM PENN SCHOOL DISTRICT
100 GREEN AVENUE
LANSDOWNE, PENNSYLVANIA 19050

## CERTIFICATE OF SERVICE

I, Suzanne Venezia, Plaintiff representing myself in the captioned Action Suzanne Venezia v. William Penn School District, in the Montgomery Court of Common Pleas civil docket number 2006-24694, and in the United States District Court for the Eastern District of Pennsylvania civil docket number 2:06-cv-4713, hereby certify that for the United States District Court for Eastern District Of Pennsylvania, I served on this date a true copy of the foregoing Statement upon the following people via U.S. Certifed Mail 7009 1680 0000 6107 1664

SWEET, STEVENS, TUCKER & KATZ LLP
331 E. BUTLER AVENUE
P.O. BOX 5069
NEW BRITAIN, PA 18901
Attorney for Defendant - WILLIAM PENN SCHOOL DISTRICT

By: *Suzanne Venezia*
SUZANNE VENEZIA (pro se)
318 WEST WALNUT STREET
NORTH WALES, PA 19454

Date: November 22, 2009

5