

# UNITED STATES COURT OF APPEALS

## FOR THE THIRD CIRCUIT
Philadelphia, Pennsylvania

RECEIVED
FY  11.00
DEC 1 ∘ 2009
C-19  MCC
U.S. C.A. 3rd

SUZANNE VENEZIA
318 WEST WALNUT STREET
NORTH WALES, PENNSYLVANIA 19454
Plaintiff - Petitioner

Docket No.

V.

_____

(Docket No. 2006-24694 :
COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA)

WILLIAM PENN SCHOOL DISTRICT
100 GREEN AVENUE
19050 LANSDOWNE, PENNSYLVANIA
Defendant

(Docket No. 2:06-cv-4713:
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA)

_____

FILED
DEC 2 C 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

PETITION TO APPEAL

# FILED

DEC 1 8 2009

**MICHAEL E. KUNZ, Clerk**
**By_____ Dep. Clerk**

The Plaintiff (Petitioner) respectfully petitions this Court to appeal from the following Orders and Memorandum (attached hereto as Exhibits A, B, C, and D):

- *Order: "And now this 15th day of December, 2006*, Defendant's Motion to Dismiss [document reference] is GRANTED with prejudice. Judgment in the above-captioned case is entered in favor of Defendant William Penn School District and against Plaintiff Suzanne Venezia. The Clerk is directed to mark the case closed for statistical purposes."
  *Memorandum: "… I will dismiss her Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). …"*
  ***Issued by Judge Juan Sánchez, United States District Court for the Eastern District of Pennsylvania.***

- *Order: "And now this 19th day of August, 2009*, Venezia's Motion to Reopen [document reference] is DENIED because it was received more than one year after the final judgment dated December 15, 2006, in violation of Federal Rule of Civil Procedure 60(c)(l)."* **Issued by Judge Juan Sánchez, United States District Courty for the Eastern District of Pennsylvania.**

- *Order: "AND NOW, this 30th day of November, 2009*, upon consideration of Plaintiff's Motion to Continue Argument on the Petition for Response to Statement of Intent to Proceed is hereby DENIED. Argument will remain scheduled for Wednesday, December 9, 2009 at 9:00 a.m. in Court Room "1", Montgomery County Courthouse, Norristown, PA." ***Issued by Judge Thomas Branca, Court of Common Pleas of Montgomery County, Pennsylvania.***

- *Order: "AND NOW, this 9th day of December, 2009*, upon consideration of the plaintiff's Petition for Response to Statement of Intent , response thereto and oral argument, it is hereby ORDERED that said Petition is DISMISSED. Further, because the case was removed to the United States District Court for the Eastern District of Pennsylvania where it was dismissed on substantive grounds, the Prothonotary is diercted to mark the instant case Terminated with prejudice." ***Issued by Judge Thomas Branca, Court of Common Pleas of Montgomery County, Pennsylvania Court for the Eastern District of Pennsylvania.***

**QUESTION PRESENTED**

Are the grounds presented herein sufficient for this Court of Appeals to warrant the review and reversal of the Orders issued by the Montgomery County Court of Common Pleas and the United States District of the Eastern District of Pennsylvania?

**RELIEF SOUGHT**

The Plaintiff seeks the reversal of the Dismissal Orders issued by the Court of Common Pleas and the United States District Court.    Since her case has been in litigation for over three (3) years, the Plaintiff requests prompt action and judgment.

**FACTUAL BACKGROUND AND GROUNDS FOR APPEAL**

- In September 2006 the Plaintiff filed a complaint against the Defendant in the Court of Common Pleas of Montgomery County, Pennsylvania, which included   counts of: egregious due process violations; intimidation;   physical and emotional duress; breach of contract; willful and capricious misconduct and negligence.
- Subsequently, the Defendant filed a Notice of Removal to the United States District Court for the Eastern District of Pennsylvania.
- Although  the Plaintiff filed  a "Response in Opposition to the Notice of Removal" in 2006,  no ruling was ever issued by either the Court of Common Pleas or  the United States District Court  with regard to this filing.   Given this anomalous situation, the Plaintiff continued to file all court documents in both courts. Consequently, the Defendant  received double service for each filing.
- Notwithstanding the Order of Dismissal with Prejudice issued by Judge Sánchez on 12/15/2006,  the Court of Common Pleas - *after this dismissal date* -  continued not only to accept the Plaintiff's and the Defendant's filings, but issued the following Rule,  Order and Notice:
  - Rule to Show Cause dated 12/18/2006, directing the Defendant to show cause as to why the Plaintiff' s motion to amend should not be granted.  There is no docket record of any response from the Defendant.
  - Order Sur Motion to Amend Complaint Against William Penn School District dated 01/26/2007, in which the Plaintiff's motion is stricken without prejudice, stating that an Affivadit of Service had not been filed.  As per court record, the Plaintiff  filed this affidavit.
  - Notice of Proposed Termination of Court Case dated 06/19/2009, in which the the Plaintiff is notified that "IF YOU FAIL TO FILE THE REQUIRED STATEMENT OF INTENTION TO PROCEED, THE CASE WILL BE TERMINATED."
- After receiving the above-cited Notice of Proposed Termination, the Plaintiff filed four (4) subsequent filings in both courts in which she requested clarification on procedure and review of the substantive grounds for the continuation of her case.   *The courts accepted these filings and those of the Defendant.*
- Regardless of the above events which testify to the fact that the  Court of Common Pleas continued to consider the Plaintiff's case as "active",  Judge Thomas Branca,  during the brief Oral Argument held on 12/09/2009 in the Court of Common Pleas, asserted that the Plaintiff *never had any grounds on which to proceed* – *this after his court had accepted 4 (four) filings from the Plaintiff, filings from the Defendant, and had actually held an oral argument.*   Judge Branca further stated that any errors committed by the courts *were  purely of clerical nature.*   Although the issuance of Rules or Orders by a court can hardly be contrued as clerical duties, as the Plaintiff clearly stated during Oral Argument,  as these are clearly judicial in nature *and signed by judges,*   the Plaintiff asks this court to consider the atmosphere of confusion which surrounded her case and its  influence on the courts' fair and proper consideration of the same.
- In 2006 Judge Sánchez issued an Order to Dismiss With Prejudice  based on  Federal Rule of Civil Procedure 12(b)(6), while  in 2009, Judge Sánchez issued an Order denying the Plaintiff's Motion to Reopen her case based on untimely filing, citing violation to Federal Rule of Civil Procedure 60(c)(l).

While the Order of Judge Sánchez in 2009 legitimizes the validity of the Plaintiff's original complaint, it provides no effective relief for the prosecution of a just case; this Order uses a technicality to once again dismiss a case rife with documented court irregularities and presented by a pro se litigant.

- Notwithstanding the 2009 Order issued by Judge Sánchez, and as stated above, the Court of Common Pleas accepted the *Plaintiff's and the Defendant's* subsequent filings (as did the District Court), held an Oral Argument, and stated (as per the words of Judge Branca), with a copy of the 2009 Order of Judge Sánchez in hand, that Judge Sánchez had dismissed the Plaintiff's case on substantive grounds and that there were no further issues to clarify.   Given the factual circumstances , however, the Order of Judge Sánchez was superceded by the continued actions on the part of the Court of Common Pleas.


## SUMMARY OF INFORMATION PRESENTED TO THE COURTS

In support of her complaint and her subsequent requests to proceed with her case against the initial ruling of Judge Sánchez, the Plaintiff presented the courts with the following arguments:

Against the Plaintiff's claim of unlawful termination, the Defendant failed to present evidence supporting this action.  The Defendant presented to the courts the same documentation it had presented to the Plaintiff prior to her termination and namely, only one letter from one parent in support of its allegations of "Cruelty" and "Inappropriate Racial Comments" – allegations which would damage the Plaintiff's professional career and employability.    This one letter, which accused the Plaintiff of "hate crimes" purported to attach a student statement, *but no such statement was ever presented to the Plaintiff or to the Courts.*    Therefore, in regard to these "career destroying" accusations, the Defense based its case - for its just-cause termination count of "Cruelty" - on the words of one angry man.   The Defendant permitted the misdirected ire of this one man, through its willful negligence, to unlawfully terminate the Plaintiff's employment The day before her removal from service prior to her termination, the Plaintiff, during an inpromptu meeting which the Plaintiff agreed to attend without receiving any formal invitation or notice to Union Representatives, the Plaintiff responded directly to the accusations of her accuser which were presented in an extremely violent and intimidating manner.   The Plaintiff plainly stated that this parent had evidently confused her with another teacher.  There was nothing in the Plaintiff's file or in any subsequent documentation submitted by the Defendant to sustain such horrible accusations.

That said, the Defendant stalled even in presenting the Plaintiff with a copy of the parent's letter and the documents of the Plaintiff's personnel file.  These were provided to the Plaintiff not directly, but through a Union Representative, more than three weeks after the Plaintiff had been removed from service.    This Fact adds to the many other egregious due process errors committed by the Defendant which were completely disregarded by Judge Sánchez.

In his Memorandum and Order of 2006 Judge Sánchez relied on the heresay comments of the Defendant's School Principal in supporting the allegations of Cruelty.    Where is the effective testimony for such accusations?  Judge Sánchez disregarded the recorded words of the Defendant's Superintendent who stated that the undocumented allegations of "Cruelty" (not found in the Plaintiff's personnel file) would be documented and forwarded to the Plaintiff for her defense.    At no time did the Defendant present any such documentation to the Plaintiff or to the Courts.   The Plaintiff, however, as per the recorded Oral Argument held with Judge Sánchez, testified that it was she who had been "bumped" by a student on the day of her removal from service.   She also stated that she had not reported this incident, since she did not wish to have the student disciplined for assault.   Since nor the name of this student nor any other documentation was presented by the Defendant about this "bumping" incident, the Plaintiff did not provide any further explanation given the absence of the student's testimony.  Once again, Judge Sánchez used the "words" of the school Principal, to incriminate the Plaintiff without any testimony or evidence from the purported victim.

In response to the sole documented (albiet by a parent and not by a student) allegation of "Inappropriate racial comments", the Plaintiff denied having made the comment "colored" and stated that she had used the word "color" in reference to the student's sneakers.  The Plaintiff actively plays sports and to that end, maintains an active interest in current shoe and sneaker trends.   In any case, the Plaintiff suggested an auditory discrepancy, as a logical explanation of this misunderstanding - the word "color" heard as "colored" in a crowded noisy hallway during class change.    The Defendant also claims that the Plaintiff

called the student a "heathen". The Plaintiff has maintained that in using the term "heathen" she was responding to a comment made to her by the student. The Plaintiff informs this Court that she is an antheist and has been an atheist for many years. To this effect she also informs this Court that she belongs to no church or association with any connections to any religious organizations. The Plaintiff's response to the student which amounted to something to the effect of "are we now all heathens?" was a respectful, if not embracing reference to the countercultural, Goth movement adhered to by many adolescents. In conclusion, under the First Amendment to the Consitution, the Plaintiff was within her right to use the phrase "once a color always a color" in reference to sneakers and the term "heathen" in reference to the Goth culture.

With regard to the other Defendant's charges for the unlawful termination of the Plaintiff, the Facts are summarized as follows:

<u>Lateness And Failure To Follow District Procedures</u>: The Plaintiff officially and fully responded to all lateness charges. As per her collective bargaining agreement, the Plaintiff committed no infractions which legally sanctioned her termination for cause on these grounds. The Plaintiff's Personnel File, the contents of which were provided to the Plaintiff weeks after her removal, contain memoranda between School administrators about alleged Plaintiff infractions. These notes have no legal value, since the Plaintiff was not aware of their presence in her file and was not asked to provide specific responses to them. The Defendant contends that the Plaintiff did not contact Kelly Services as required to report absences. To this allegation the Plaintiff informed the Court that she had always contacted Kelly Services by telephone as requested; she informs the Court that she also attempted to contact Kelly Services online, but was denied access even when she attempted to do so with her social security number. Since the Defendant presented no documentation attesting to the Plaintiff's failure to inform Kelly Services, the Plaintiff offers her telephone records as proof that she had indeed always use these Services to report her absences with the exception of one occasion. This one occasion regards a Teachers' Conference and a Memo from an Assistant Principal requesting explanation for this absence to which the Plaintiff formally responded at that time. In her initial Complaint, the Plaintiff attached a copy of the authorization signed by the Principal to attend this Teachers' Conference. Only on this occasion did the Plaintiff not contact Kelly Services, *since she deemed sufficient the signed authorization from the school Principal.* Once again this correspondence can be found in the Court filings.

To the many counts in the Plaintiff's claim against the Defendant and to her comprehensive support documentation, Judge Sánchez defends the Defendant and writes that the Defendant also supplied much support documentation. This is not the case, and Judge Sánchez gives no details of his assertion. Aside from evading the issues addressed in the Plaintiff's Complaint, the Plaintiff informs the Court, as per her filed documentation, that the Defendant never responded to the many documented requests made by the Plaintiff *before* her removal from service, including but not limited to:
Plaintiff's repeated written requests for a copy of her signed employment contract letter;
Plaintiff's request for information as to mileage reimbursement for shopping;
Plaintiff's request for information as to time allottment for shopping;
Plaintiff's request for a computer;
Plaintiff's request for reimbursement of authorizied education classes;
Plaintiff's request for property reimbursement.
Save her computer request, and contrary to the indications of the Defendant, all of the above memoranda had foundations in the Collective Bargaining Agreement.

<u>Refusal To Comply With Superior's Directives</u>: As affirmed in her filed Court documentation, the Plaintiff was told to vacate the premises after the commencement of the school day on 02/14/2006. Upon this request made to her in the presence of a classroom of students, and an Assistant Principal, the Plaintiff inquired as to the motivations behind this request. *The Principal stated that she was not required to provide any motivations to the Plaintiff,* the Plaintiff stately that she refused to vacate the premises without a written directive to do so and proceeded to sit in a chair at her desk. The Principal told the Plaintiff that she would summon the local police and have the Plaintiff arrested. The Plaintiff responded that she would not vacate the premises without a written directive. (The Plaintiff also stated in her past Court filings that she feared that by vacating the premises - given the unexplainable circumstances in which she found herself - she could have potentially been charged with dereliction of duty.) As previously reported by the Plaintiff, the Principal began pulling the Plaintiff by her arms in the presence of students in order to physically remove her from the building. After about one hour, the Assistant Superintendent presented himself to the Plaintiff and told her to vacate the premises. The Plaintiff repeated to him that she would not do so without a written directive. After about fifteen minutes the Assistant Superintendent presented the Plaintiff with a written directive which contained no reasons

for the removal, no notice of due process and no indication of  notification of the events to Union Representatives.  Escorted by  school police officers,  the Plaintiff vacated the building.

In its thread-bare defense, the Defendant maintained that it was well within its rights to require the Plaintiff to leave the building without providing any justification, any written directive, any notice for Union Representation since the "situation" required immediate action.  The Defendant, however, never explained or documented what the "situation" was that urgently needed to be addressed.  The Plaintiff underlines the Fact that her removal commenced *after* the beginning of the school day.  Aside from desecrating the holy grounds of due process in a most egregious way, what explanation did the Defendant offer for the way in which the Principal physically attempted to remove  the Plaintiff from the building?  *The Defendant offered no explanation and the courts, in dismissing the Plaintiff's case, evidently saw no need for any.*

<u>As Per Her Original Complaint The Plaintiff Maintains</u> :

- That the Defendant in its Termination for Cause committed a breach of contract which involved liberty and property interest.  The contract of the Plaintiff, although a non-tenured teacher,  indicated that her contract would be renewed based on Performance Evaluations.  In her first year in the District, the Plaintiff received the highest scores possible  on her two Performance Evaluations.  (These scores also reflect rapport with students.)  During her second year, up until her removal on 02/14/2006, the Defendant failed to issue the Plaintiff even one Performance Evaluation, in  violation of Pennsylvania Education Statutes, and in violation of her specific contract which, as above-stated, was to be renewed,  year after year (a tenure track contract) provided that the Plaintiff receive satisfactory Performance Ratings.  The Defendant's representatives used the misguided words of a parent to unlawfully dismiss the Plaintiff.  In her original complaint and in her subsequent filings,  the Plaintiff made a causal connection between her inability to find employment and her wrongful dismissal.  The Pennsylvania Standard Teaching Application issued by the Pennsylvania Department of Education requires that all educators officially inform all prospective employers in the field of education (i.e., school districts)  of their dismissal for cause and/or resignation (in the event that they resigned after having been informed of disciplinary charges).  In addition to declaring such facts, this Application also requires that the educators provide an explanation as to the circumstances surrounding their dismissal/resignation.  While the Plaintiff welcomes every opportunity to defend her name, the Defendant cannot maintain - as it has throughout this case (with the accordance of the courts) - that the Plaintiff's unlawful dismissal has no bearing on her employability.  The Plaintiff asks once again - where are her  Performance Evaluations for 2005-2006?  Where are  documented attempts by the Defendant's representatives to investigate the alleged egregious misconduct of the Plaintiff?  While the Defendant maintains that since the Plaintiff was not "tenured" she could be terminated  " at will",  the Plaintiff once again reminds the Defendant that *"at will" termination does not sanction "unlawful" termination based on unfounded accusations and willful misconduct.*  At the time of the Plaintiff's removal from school, the Defendant faced difficulties with stalled negotiations regarding the renewal of the  Collective Bargaining Contract and with achieving satisfactory progress levels  as defined  by  "No Child Left Behind" legislation.  As documented in her Court filings, the Plaintiff was told by her Union Representative  that a letter of dismissal based on  District economic difficulties had already been issued in the Plaintiff's name;  as also reported,  this representative suggested that the Plaintiff simply resign  (upon advice  purportedly received from the District Superintendant).  The Plaintiff responded to her Union Representative that since she was being falsely accused, she would never resign, but rather would pursue her defense at all costs.  The Defendant used the Plaintiff untenured status so as to benefit from the Plaintiff's presence as long as it was economically "convenient" to do so.  When this was no longer convenient, the Defendant used its own ungrounded charges and those of one parent  to terminate the Plaintiff's  contract - Judge Sánchez,  with his Order,  permitted this offense.  Aside from the many deleterious effects of this unlawful dismissal,  it also directly  caused the Plaintiff to lose two years  of satisfactory service from her Certification records with the Pennsylvania Department of Education.  These words do not constitute an opinion.  *The Plaintiff has amply supported the specific counts of her original complaint against the Defendant time and time again in her court documentation.*

- That the Defendant committed  egregious due process errors in its wrongful termination from its failure to inform the Plaintiff of her rights and to its failure to provide the Plaintiff with an opportunity to defend herself before and after her removal.  Against these  numerous counts, the Defendant's continued, throughout its defense, to state that it provided every opportunity to the Plaintiff, including an invitation before the School Board.  In this regard the Plaintiff reminds the Defendant that upon her removal, *the Defendant's sole support documentation for the allegations of "Cruelty" consisted of one letter.*  In this letter, the parent  makes references to episodes of "Cruelty" from the previous  school year;  the

Superintendent also repeats these allegations during the recorded hearing held with the Plaintiff after her removal and *confirms that these will allegations will be dutifully investigated and that the findings will be promptly reported to the Plaintiff.* The Plaintiff did receive an invitation to appear before the School Board, but never received any documentation regarding all of the allegations concerning "Cruelty". Given these circumstances, the Plaintiff deemed it extremely unwise to present herself to the School Board having received no documentation about these allegations, and opted to pursue her defense in a public court of law. *The Defendant cannot merely write that due process was afforded. It must prove this with facts. The Plaintiff provided the courts with the statements and investigatory promises made by the Defendant's Superintendent. These undocumented allegations were those used to terminate the Plaintiff's employment.*

## REASONS WHY THIS PETITION SHOULD BE GRANTED

In addition to the reasons cited herein under "GROUNDS", the Plaintiff cites Rule 8 (f) of the Federal Rules of Civil Procedure as the basis upon which this appeal should be granted. This rule holds that all pleadings shall be construed to do substantial justice.

In this regard, the Plaintiff asks this Court to apply the review standards cited in previous cases concerning dismissal and dismissal with prejudice and namely,

- Givens: "Dismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint." Givens, 751 F.2d at 263.

- Smallwood: "Dismissal is improper unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Smallwood v. City and County of Honolulu, 185 P.3d 887, 118 Haw. 139 (Haw. App., 2008)) .

- Conley: "A complaint may not be dismissed on a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

- Conley: ""The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed '***unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' CONLEY VS. GIBSON (1957), 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80.

## CONCLUSION

For the reasons stated above, the Plaintiff (Petitioner) respectfully requests that this court permit an appeal.

By: _____          Date: 12/17/2009 – December 17, 2009
SUZANNE VENEZIA (pro se)
318 WEST WALNUT STREET
NORTH WALES, PA 19454

# UNITED STATES COURT OF APPEALS

## FOR THE THIRD CIRCUIT

Philadelphia, Pennsylvania

SUZANNE VENEZIA
318 WEST WALNUT STREET
NORTH WALES, PENNSYLVANIA 19454
Plaintiff - Petitioner

Docket No.:

V.
_____

(Docket No. 2006-24694 :
COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA)

WILLIAM PENN SCHOOL DISTRICT
100 GREEN AVENUE
19050 LANSDOWNE, PENNSYLVANIA
Defendant

(Docket No. 2:06-cv-4713:
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA)

## VERIFICATION

I verify that the declarations made in this Petition To Appeal are true and correct to the best of my knowledge, and belief I understand that false statements made herein are subject to the penalties of 18 FA. C.S, Subsection 4904, relating to unsworn falsification to authorities.

By: _____
SUZANNE VENEZIA (pro se)
318 WEST WALNUT STREET
NORTH WALES, PA 19454

Date: 12/17/2009 – December 17, 2009

7

## UNITED STATES COURT OF APPEALS

### FOR THE THIRD CIRCUIT

Philadelphia, Pennsylvania

SUZANNE VENEZIA
318 WEST WALNUT STREET
NORTH WALES, PENNSYLVANIA 19454
Plaintiff - Petitioner

Docket No.:

V.

_____

_____

WILLIAM PENN SCHOOL DISTRICT
100 GREEN AVENUE
19050 LANSDOWNE, PENNSYLVANIA
Defendant

(Docket No. 2006-24694 :
COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA)

(Docket No. 2:06-cv-4713:
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA)

### CERTIFICATE OF SERVICE

I, Suzanne Venezia,  Plaintiff (Petitioner) representing myself in the captioned Action Suzanne Venezia v. William Penn School District  (Montgomery Court of Common Pleas civil docket number 2006-24694;  United States District Court for the Eastern District of Pennsylvania civil docket number 2:06-cv-4713), hereby certify that for  the United States  Court of Appeals For the Third Circuit,  I served on this date a true copy of the foregoing Petition To Appeal upon the following people via U.S. First Class Mail:

SWEET, STEVENS, TUCKER & KATZ LLP
331 E. BUTLER AVENUE
P.O. BOX 5069
NEW BRITAIN, PA 18901
Attorney for Defendant - WILLIAM PENN SCHOOL DISTRICT

By: _____
SUZANNE VENEZIA (pro se)
318 WEST WALNUT STREET
NORTH WALES, PA 19454

Date: 12/17/2009 – December 17, 2009

8



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUZANNE VENEZIA : CIVIL ACTION
:
v. : NO. 06-4713
:
WILLIAM PENN SCHOOL DISTRICT :

## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.** **December 15, 2006**

The William Penn School District asks this Court to dismiss Suzanne Venezia's challenge to her firing after she called a student and his friend "heathens" and said, "[c]olored . . . once a colored always a colored." Because Venezia has failed to state a claim for municipal liability and because Venezia has received due process, I will dismiss her Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FACTS[1]

Venezia was a temporary teacher[2] of Family and Consumer Sciences at Penn Wood West

---

[1] I accept all allegations in, and reasonable inferences from, the Complaint as true and view them in the light most favorable to Venezia. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). Venezia included 27 exhibits with her Complaint. The School District includes at least as many in its Motion to Dismiss; for that reason, I treat the Motion as one brought under Rule 56. Venezia received the reasonable opportunity to produce pertinent material demanded by Rule 12(b) in her response and during oral argument on the Motion.

[2] Under the Pennsylvania School Code:

The term "temporary professional employe" shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal.

24 P.S. § 11-1101(3). A temporary professional employee differs from a professional employee only in the matter of tenure. *Pottsville Area School Dist. v. Marteslo*, 423 A.2d 1336, 1338 (Pa. Commw. 1981).

1

Junior High School in Darby, Pennsylvania.  On February 13, 2006, Venezia encountered two students in a hallway, calling them "heathens" and saying to one, "[c]olored . . . . Once a colored always a colored."  Com. Ex. 1.  The visibly-shaken student complained to a staff person who then spoke to the principal.  The student and the principal returned to the hallway outside Venezia's classroom where they discussed the incident with Venezia who admitted making the statement, but said it referred to the student's sneakers.  That afternoon, Venezia met again with the principal and some unidentified parents.  At this meeting, Venezia denied the incident occurred even though the principal gave her a written summary of the earlier meeting with the student.  When reference was made to an incident at another time, Venezia suggested the parents had confused her with another teacher.

The next day Venezia was suspended with pay and ordered to leave the campus.  Venezia refused to leave her classroom until she received a written order to leave.  The written directive to leave did not recite the reasons for Venezia's suspension.  In response to Venezia's later demand for reasons, the School District's superintendent wrote Venezia on February 20, 2006:

This action is being taken based on the following allegations related to your performance:

1. Cruelty
    a.    Intimidating Students
        i.    Bumping a student and threaten to file charges of assault
    b.    Use of Inappropriate Racial Comments
        i.    "Colored." "Once a colored always a colored"
        ii.    "Get your black a— "in class"

2. Persistent Negligence in Performance of Duties
    a.    Repeated lateness – two or more memos
    b.    Failure to follow school district procedures regarding teacher absences
    c.    Refusal to comply with superior's directives – refusing to follow

2

directives by the principal and assistant superintendent.
The alleged conduct as described above may constitute sufficient cause for disciplinary action. As such, you are hereby requested to attend an administrative hearing to present a response and any other information you feel may be important.

Your administrative hearing is scheduled for:
● **Tuesday, February 28, 2006 at 10 a.m. in the Office of the Superintendent**
You are entitled to have union representation at the meeting. You are asked to provide a written response to the allegations prior to attending the administrative hearing.[3]

Com. Ex. 4.

Venezia, the School District superintendent, the principal, and a union representative attended the administrative hearing. During the hearing, Venezia denied saying "colored," suggesting she had commented on the "color" of the student's sneakers. Com. Ex. 9. Venezia also denied she was the teacher who told the same student and others a year earlier "to sit their black asses down." *Id.* The principal reported a student's parent stated Venezia had telephoned him to apologize for the comment. The principal also reported another student complained on the day of Venezia's suspension she bumped the student and then threatened the student with legal action. The principal stated there had been other incidents between the bumped student and Venezia, including a remark by Venezia that "black people eat a lot of sugar." *Id.* Also discussed at the administrative hearing were occasions on which Venezia was sufficiently late for the school day that other teachers and the principal had to cover her classroom. After the hearing, Venezia remained suspended with pay.

Ten days after the administrative hearing, the superintendent notified Venezia he would recommend the school board consider dismissing her at its March 27, 2006 meeting. The letter

---

[3] If Venezia submitted a written response to the allegations, neither side has included them.

3

itemized five grounds for terminating Venezia[4] and stated she had the right to a hearing before her termination.[5] Com. Ex. 6. The letter also stated Venezia would waive the right to a hearing if she did not request one on the form provided. Venezia was then suspended without pay. Venezia did not request a hearing and the school board fired her on March 27, 2006.

Venezia filed suit in Montgomery County Court of Common Pleas, alleging her firing violated her rights to due process, her property rights to her job, and her liberty interests to her good name. A remedy to a denial of due process is found at 42 U.S.C. § 1983.[6] The School District removed the case to this Court and filed a Motion to Dismiss under Rule 12(b)(6).

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987). This Court may grant a motion to dismiss only where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004) (quoting *Conley v. Gibson*,

---

[4] Included in the grounds were the bumping incident, the "colored" and "black ass" incidents, 10 itemized times of lateness, six itemized failures to adhere to policy on teacher absences and three occasions on which Venezia failed to comply with directives from district superiors.

[5] The hearing notice included the right to be represented by an attorney, the right to hear and to cross-examine witnesses against her, the right to present her own witnesses, the right to testify or remain silent, and the right to a copy of the stenographic record of the hearing.

[6] **§ 1983. Civil action for deprivation of rights**
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

4

355 U.S. 41, 45-6 (1957)).  To decide a motion to dismiss, this Court must construe the complaint

liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences

in favor of the plaintiff. *D.P. Enters. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984).

Even though the retention or dismissal of temporary professional employees on performance

grounds is governed by Section 11-1108 of the School Code,[7] a Pennsylvania school district may

terminate the contract of a professional employee when it finds "immorality; incompetency; . . .

intemperance; cruelty; persistent negligence in the performance of duties; [or] willful neglect of

duties . . . ." 24 P.S. § 11-1122.[8] The School Code provides an appeal process through the Secretary

of Education and the courts for tenured employees.  24 P.S. § 1132.  Appeals by temporary

employees are governed by Pennsylvania's Local Agency Law. 2 Pa. C.S. § 751 *et seq.* Under the

---

[7]Section 11-1108. Temporary professional employes
> (a) It shall be the duty of the district superintendent to notify each temporary professional employe, at least twice each year during the period of his or her employment, of the professional quality, professional progress, and rating of his or her services. No temporary professional employe shall be dismissed unless rated unsatisfactory, and notification, in writing, of such unsatisfactory rating shall have been furnished the employe within ten (10) days following the date of such rating. The rating of a temporary professional employe shall be done as provided in section one thousand one hundred twenty-three of this act.

24 P.S. § 11-1108

[8] Section 11-1122 provides:
> (a) The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality; incompetency; unsatisfactory teaching performance based on two (2) consecutive ratings of the employe's teaching performance that are to include classroom observations, not less than four (4) months apart, in which the employe's teaching performance is rated as unsatisfactory; intemperance; cruelty; persistent negligence in the performance of duties; wilful neglect of duties . . . .

24 P.S. § 11-1122.

5

Local Agency Law, this Court's review of the school board's decision is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether the necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 754(b); *Bolden v. Chartiers Valley Sch. Dist.*, 869 A.2d 1134, 1137 (Pa. Commw. 2005).

Venezia, as a public employee, has a constitutionally protected property right to continued employment. *Morton v. Beyer*, 822 F.2d 364, 368 (3d Cir. 1987); *see also Andresky v. West Allegheny Sch. Dist.*, 437 A.2d 1075, 1077 (Pa. Commw. 1981). The constitutional protection extends only to the right of due process before dismissal. While Venezia may have a property interest in continued employment, that interest is protected if her removal is effected by due process.

To recover from a municipality under Section 1983, Venezia must: (1) identify a policy or custom that deprived her of a federally protected right, (2) demonstrate the School District, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

The School District, the only defendant in this case, argues it is not liable under Section 1983 because Venezia was not deprived of any right by a School District policy or custom. as required by *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). For purposes of *Monell*, a school district is a municipality. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 710 (1989). A municipal policy, for purposes of section 1983, is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a government] body's officers." *Monell*, 436 U.S. at 690; *see also Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000).

Venezia first alleges the School District's termination procedures fell below the requirements

of the Due Process Clause of the 14th Amendment to the U.S. Constitution. "[T]he root requirement" of the Due Process Clause is "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (requiring more than notice and an opportunity to respond "would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.").

The pretermination hearing, "though necessary, need not be elaborate." *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971). In general, "something less" than a full evidentiary hearing is sufficient prior to adverse administrative action." *Loudermill,* 470 U.S. at 545. The essential requirements of due process are notice and an opportunity to respond. *Loudermill,* 470 U.S. at 546; *see also McDaniels v. Flick,* 59 F.3d 446, 456 (3d Cir. 1995). Venezia also cites the Pennsylvania School Code for the proposition a hearing is required. The School Code[9] provides a school board may remove any employee "for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct." 24 P.S. §5-514.[10]  The school board is only required to provide "due notice, giving the reasons therefor, and . . . [a] hearing if demanded." *Id.*

Venezia received both due notice with itemized reasons and an administrative hearing before her suspension. She declined an opportunity for a second hearing before the school board. Venezia

---

[9]Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. §1-101 *et seq.*

[10]Section 5-514. Removal of officers, employes, etc.
   The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.
24 P.S. § 5-514.

7

said she did not attend the school board meeting because she believed there were no grounds for dismissal. Venezia admits she waived her right to a hearing but avers "it was in her best interests to do so." Tr. Oral Arg. Nov. 29, 2006. She believed attending a school board hearing would "prejudice any appeal." *Id.* Venezia could have and should have litigated all her claims in the administrative proceedings. *Jackson v. Centennial Sch. Dist.*, 501 A.2d 218, 221 (Pa. 1985) (considering the dismissal of a tenured professional).

Venezia alleges she did not receive verbal or written notice of her violations of the School Code or acts of cruelty and maintains the order to leave the school on February 14, 2006, came without warning. Venezia discounts clear evidence in the record of two discussions on February 13, 2006 which should have given her ample warning of the order to leave the premises on February 14. Venezia also argues she was entitled to a hearing before her suspension on February 14, 2006, because there was no immediate danger.[11] Venezia misunderstands the harm her comments and actions caused.

Venezia also sees a violation of her rights to due process in the failure of the School District to give her a written enumeration of the charges against her before she asked for it. Venezia was suspended with pay, until she received the letter from the superintendent itemizing the charges he would present to the school board. While she was paid, Venezia suffered no injury. The decision to dismiss her came after she received due notice and an opportunity to be heard.

---

[11]On February 14, 2006, Venezia was suspended with pay. By continuing to pay Venezia, the school district avoided any due process questions at that point. In *Cleveland Bd. of Educ. v. Loudermill*, the Supreme Court reasoned employers could avoid due process concerns in cases in which immediate suspension of an employee is necessary by placing that employee on paid, rather than unpaid, leave. 470 U.S. 532, 545-46 (1985); *see also Edwards v. Cal. Univ. of Penn.*, 156 F.3d 488, 492 (3d Cir. 1998) (placing tenured professor on paid leave did not implicate due process concerns).

Venezia also questions the procedures leading up to the administrative hearing. She argues the issues of poor performance raised at the administrative hearing are not grounds for discharge and that she was never notified of the incidents of tardiness and absence which formed part of the record on discharge. According to her exhibits, Venezia was sent memos on tardiness and absences. Under the School Code, the school district has authority to dismiss an employee for "neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct." 24 P.S. § 5-514.

Venezia argues the School District violated her contract when it failed to inform the teachers' union of her administrative hearing. The letter informing Venezia of the hearing was also copied to the union representative, providing adequate notice to the union, and a union member represented Venezia at the administrative hearing. Venezia believes she should not have been terminated because she answered all the questions asked during the hearing and believes she clarified any misinterpretation. Venezia's right to be heard does not require she be believed.

Venezia argues she is entitled to a name-clearing hearing. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 634 (1980). To establish entitlement to a "name-clearing hearing," the aggrieved employee must show: (1) the public employer's reasons for the discharge stigmatized the employee by seriously damaging his standing and association in the community or by foreclosing employment opportunities that may otherwise have been available; (2) the public employer made the reason or reasons public;[12] and, (3) the employee denied the charges that led to the employee's firing. *Gibson*

---

[12]Placing an adverse action in an employee's personnel file only constitutes publication when the governing state law classifies an employee's personnel file as a public record. *Cox v. Roskelley*, 359 F.3d 1105, 1112 (9th Cir. 2004). In Pennsylvania, personnel files are not subject to disclosure under Pennsylvania's Right to Know Act, 65 P.S. §§ 66.1-66.4, Act of June 21, 1957, P.L. 390, *as amended*; *Bangor Area Educ. Ass'n v. Angle*, 720 A.2d 198, 202 (Pa. Commw. 1998).

*v. Caruthersville Sch. Dist. No. 8*, 336 F.3d 768, 773 (8th Cir. 2003). Stigma involves "dishonesty, immorality, criminality, racism, or the like." *Waddell v. Forney*, 108 F.3d 889, 895 (8th Cir. 1997). When a discharged employee had an opportunity to explain the allegations in a meeting with her supervisor and with the governing board, she received "more than [was] constitutionally required." *Coleman v. Reed*, 147 F.3d 751, 755 (8th Cir. 1998). Venezia waived her right to a name clearing hearing when she declined an opportunity to be heard by the school board.

Venezia reiterates her claim to a property interest in her contract both for employment for the school year and for reimbursement for graduate courses and a food processor she purchased for her classroom. Venezia's failure to grieve the two reimbursements within 12 days as required under the Collective Bargaining Agreement results in a waiver of the claims. Collective Bargaining Agreement Section 3. Venezia also believes the school board cannot terminate her without the annual performance evaluation provided in the contract. Only if the district fires her for unsatisfactory teaching performance is an evaluation required. The School District fired Venezia for cruelty and negligence of duties. 24 P.S. §§ 11-1108 and 11-1122.

A liberal reading of Venezia's Complaint does not support a finding that the School District's deprived her of any right under its policies, as defined by *Monell*. She had notice and an opportunity to respond. *Loudermill*, 470 U.S. at 546. Venezia has pointed to no School District policy violating her civil rights. Therefore, the School District cannot be liable for any injury Venezia alleges she suffered.

An appropriate order follows.

10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUZANNE VENEZIA                          :          CIVIL ACTION

                                         :

      v.                                 :          NO. 06-4713

                                         :

WILLIAM PENN SCHOOL DISTRICT             :

## **ORDER**

      And now this 15ᵗʰ day of December, 2006, Defendant's Motion to Dismiss (Document 5) is GRANTED with prejudice. Judgment in the above-captioned case is entered in favor of Defendant William Penn School District and against Plaintiff Suzanne Venezia. The Clerk is directed to mark the case closed for statistical purposes.

BY THE COURT:

        /s/ Juan R. Sánchez
      Juan R. Sánchez                          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



| SUZANNE VENEZIA | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4713 |
| | : | |
| WILLIAM PENN SCHOOL DISTRICT | : | |

## ORDER

And now this 19th day of August, 2009, Venezia's Motion to Reopen[1] (Document 13) is

DENIED because it was received more than one year after the final judgment dated December 15,

2006, in violation of Federal Rule of Civil Procedure 60(c)(1).

BY THE COURT:

\s\ Juan R. Sánchez
Juan R. Sánchez          J.

---

[1] Although Venezia titled the document filed on August 6, 2009 as a "Statement of Intent to Proceed," the Court will treat the document as a Motion to Reopen a Judgment.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA

CIVIL ACTION – LAW

SUZANNE VENEZIA                    :
                                   :
            vs.                    :        No.  06-24694
                                   :
WILLIAM PENN SCHOOL DISTRICT       :

### ORDER

AND NOW, this 30th day of November, 2009, upon consideration of

Plaintiff's Motion to Continue Argument on the Petition for Response to Statement of

Intent to Proceed is hereby **DENIED**.

Argument will remain scheduled for Wednesday, December 9, 2009 at

9:00 a.m. in Court Room "1", Montgomery County Courthouse, Norristown, PA.

BY THE COURT:

_____
Thomas C. Branca,              J.

Copies of above Order
mailed on 12/1/09 to:
**By First Class Mail:**
Suzanne Venezia, 318 West Walnut Street, North Wales, PA  19454
Jonathan P. Riba, Esquire
**By Interoffice Mail:**
Court Administration

_____
Secretary

EXHIBIT D - PETITION TO APPEAL

IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION- LAW

SUZANNE VENEZIA,            :
        Plaintiff      :
                      :
                      :     No. 2006-24694
        v.     :
                      :
WILLIAM PENN SCHOOL DISTRICT, :
        Defendant      :

## ORDER

AND NOW, this 9ᵗʰ day of December, 2009, upon consideration of the Plaintiff's

Petition for Response to Statement of Intent to Proceed, response thereto and oral

argument, it is hereby **ORDERED** that said Petition is **DISMISSED**. Further, because

the case was removed to the United States District Court for the Eastern District of

Pennsylvania where it was dismissed on substantive grounds, the Prothonotary is directed

to mark the instant case as Terminated with prejudice.

BY THE COURT:

_____
Thomas C. Branca,             J.

Copies of the above order
Mailed out 9/10 to:
Court Administration
Suzanne Venezia, *pro se*
Jonathan P. Riba, Esq.

Secretary